Russell S. Thompson, IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Nelson and Louis Fisher, *on behalf of themselves and all others similarly situated* <br><br> Plaintiff, <br><br> vs. <br><br> Pacwest Energy, LLC dba Jacksons Car Wash, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiffs, Amanda Nelson and Louis Fisher (collectively "Plaintiffs"), bring this putative class action complaint against Defendant, Pacwest Energy, LLC dba Jacksons Car Wash ("Defendant"), pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*., individually and on behalf of all others similarly situated..

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiffs reside in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Amanda Nelson is a natural person who at all relevant times resided in Phoenix, Arizona.

5. Plaintiff Louis Fisher is a natural person who at all relevant times resided in Phoenix, Arizona.

6. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1693a(6) and 12 C.F.R. § 1005.2(e).

7. Defendant Pacwest Energy, LLC dba Jacksons Car Wash ("Defendant") is a Delaware limited liability company that is, upon information and belief, duly licensed to conduct business within the state of Arizona.

## THE ELECTRONIC FUND TRANSFER ACT

8. The EFTA is a federal statute that regulates electronic fund transfers—in particular, preauthorized transfers—initiated by consumers through financial institutions.

9. Congress passed EFTA "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b).

10. In passing the EFTA, Congress noted that "[t]he primary objective of [the EFTA] . . . is the provision of individual consumer rights." 15 U.S.C. § 1693(b).

11. Accordingly, EFTA is a remedial statute, and should be given a broad, liberal interpretation in favor of the consumer. *Clemmer v. Key Bank N.A.*, 539 F.3d 349, 353 (6th Cir. 2008) (citing *Begala v. PNC, Ohio, Nat'l* Ass'n, 163 F.3d 948, 950 (6th Cir. 1998)).

12. The FTC and courts have interpreted closely related consumer protection laws under the least sophisticated, or unsophisticated, consumer standard. *See Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007) ("If the least sophisticated debtor would "likely be misled" by a communication from a debt collector, the debt collector has violated the Act [FDCPA]"); *Morris v. Lomas & Nettleton Co.*, 708 F. Supp. 1198, 1203 (D. Kan. 1989) ("Congress intended the TILA to aid unsophisticated consumers and to prevent creditors from misleading consumers as to the actual cost of financing."); *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172-1173 (11th Cir. 1985) ("The FTC Act was enacted to protect *unsophisticated* consumers, not only "reasonable consumers" who could otherwise protect themselves in the market place) (citing *Matter of Wilson Chem. Co., Inc.*, 64 F.T.C. 168 (1964)) (emphasis added).

13. "The statute covers a wide range of electronic money transfers-from ATM withdrawals and debit-card payments to banking by phone—and subjects them to a litany of procedural requirements designed to protect consumers from transactions made in error or without their consent." *Wike v. Vertrue, Inc.*, 566 F.3d 590, 592 (6th Cir. 2009) (citing 15 U.S.C §§ 1693a(6), 1693b-1693f).

14. One of EFTA's requirements establishes that "preauthorized electronic fund transfer[s] from a consumer's account may be authorized by the consumer only in

writing, and a copy of such authorization shall be provided to the consumer when made." 15 U.S.C. § 1693(e)(a).

15. EFTA's implementing regulations, Regulation E, codified at 12 C.F.R. § 1005.10, provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer." 12 C.F.R. § 1005.10(b). Regulation E further provides that "[t]he person that obtains the authorization shall provide a copy to the consumer." *Id.*

## FACTUAL ALLEGATIONS

16. In or around December of 2016, Mr. Fisher took his vehicle to one of Defendant's locations and signed up for a month of car washes.

17. To sign up for the month of car washes, Mr. Fisher provided Defendant his debit card information.

18. Mr. Fisher debit card accesses a Bank of America checking account owned by Mr. Fisher and Ms. Nelson.

19. Plaintiffs established their bank account for personal, family, or household purposes.

20. Thus Plaintiffs' bank account is an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. § 1005.2(b)(1).

21. On or around June 2017, Plaintiffs noticed that—despite only purchasing a month of car washes—Defendant had continued to debit Plaintiffs' bank account every month since December 2016.

22. These payments were taken electronically from Plaintiffs' bank account and thus these transfers are "electronic fund transfers" as defined by 15 U.S.C. § 1693a(7) and 12 C.F.R. § 1005.3(b).

23. Defendant did not obtain Plaintiffs' signed written authorization before repeatedly debiting their account.

24. In the alternative, Defendant also failed to provide Plaintiffs with a copy of their signed, written authorization at the time it was made.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs repeat and re-allege all factual allegations above.

26. Upon information and belief, Defendant's practice of initiating recurring electronic funds transfers from its customers' bank accounts, without first obtaining such customers' written authorization to do so is its standard practice in dealing with consumers.

27. Upon information and belief, Defendant has engaged in its practice of initiating recurring electronic funds transfers from its customers' bank accounts, without first obtaining such customers' written authorization to do so, with regard to over forty (40) individuals in the United States in the year prior to the filing of this matter.

28. Upon information and belief, Defendant's practice of initiating recurring electronic funds transfers from its customers' bank accounts, without providing such customers a copy of their signed written authorization to do so is its standard practice in dealing with consumers.

29. Upon information and belief, Defendant has engaged in its practice of initiating recurring electronic funds transfers from its customers' bank accounts, without providing such customers a copy of their signed written authorization to do so, with regard to over forty (40) individuals in the United States in the year prior to the filing of this matter.

30. Plaintiffs brings this action on behalf of themselves and all others similarly situated. Specifically, Plaintiffs seek to represent two classes of individuals defined as:

> A. All persons from whose bank accounts Defendant initiated recurring electronic fund transfers, without first obtaining signed, written authorization from such person.
>
> B. All persons from whose bank accounts Defendant initiated recurring electronic fund transfers without providing such person a copy of his or her signed, written authorization at the time it was made.

31. The proposed class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

32. The class is averred to be so numerous that joinder of members is impracticable.

33. The exact number of class members is unknown to Plaintiffs at this time and can be ascertained only through appropriate discovery.

34. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

35. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the EFTA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

36. Plaintiffs' claims are typical of the claims of the class they seek to represent.

37. Plaintiffs' claims and the class's claims originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

38. Plaintiffs possesses the same interests and have suffered the same injuries as each class member. Plaintiffs assert identical claims and seek identical relief on behalf of the unnamed class members.

39. Plaintiffs will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflict with the interests of other class members.

40. Plaintiffs are willing and prepared to serve this Court and the proposed class.

41. The interests of Plaintiffs are co-extensive with and not antagonistic to those of the absent class members.

42. Plaintiffs have retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiffs and all absent class members.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

44. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

47. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1693e(a)**

48. Plaintiffs repeat and re-allege each and every factual allegation above.

49. Defendant violated 15 U.S.C. § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiffs' and the class members' personal bank accounts, without having Plaintiffs' or the class members' written authorization or its equivalent.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1693e(a) and Regulation E;

    c) Enjoining Defendant from further violations of 15 U.S.C. § 1693e(a) and Regulation E;

    d) Awarding Plaintiffs, and the class they seek to represent, actual damages pursuant to 15 U.S.C. § 1693m(a)(1).

    e) Awarding Plaintiffs, and the class they seek to represent, statutory damages in such amount as the court may allow, without regard to a minimum individual recovery, and not to exceed the lesser of $500,000 or 1 percent of the net worth of the defendant, pursuant to 15 U.S.C. § 1693m(a)(2)(B);

    f) Awarding Plaintiffs, and the class they seek to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1693m(a)(3); and

    g) Awarding other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1693e(a)

50. Plaintiffs repeat and re-allege each and every factual allegation above.

51. Defendant violated 15 U.S.C. § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiffs' and the class members' personal bank accounts without providing Plaintiffs or the class members a copy of their signed, written authorization.

WHEREFORE, Plaintiffs prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1693e(a) and Regulation E;

c) Enjoining Defendant from further violations of 15 U.S.C. § 1693e(a) and Regulation E;

d) Awarding Plaintiffs, and the class they seek to represent, actual damages, pursuant to 15 U.S.C. § 1693m(a)(1).

e) Awarding Plaintiffs, and the class they seek to represent, statutory damages in such amount as the court may allow, without regard to a minimum individual recovery, and not to exceed the lesser of $500,000 or 1 percent of the net worth of the defendant, pursuant to 15 U.S.C. § 1693m(a)(2)(B);

f) Awarding Plaintiffs, and the class they seek to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1693m(a)(3); and

g) Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

52. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: September 22, 2017.                 Respectfully submitted,

                                         s/Russell S. Thompson IV
                                         Russell S. Thompson IV (029098)
                                         Thompson Consumer Law Group, PLLC
                                         5235 E. Southern Ave., D106-618

Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

<u>s/Joseph Panvini</u>
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8875
866-317-2674 facsimile
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff